UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CV-84-D

| | |
|---|---|
| THE ESTATE OF MAGNUS GREY FLYTHE, by and through its Co-Administrators, Meghan Bridgers Flythe & Russell Thomas Flythe, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HALIFAX REGIONAL MEDICAL CENTER, INC. d/b/a ECU HEALTH NORTH, OUSSAMA SALEH M.D., RURAL HEALTH GROUP, INC. | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURSIDICTION

Federal Defendant, the United States of America ("United States"), hereby submits this memorandum in support of its motion to dismiss. The Court lacks subject-matter jurisdiction over this the tort claims asserted against Federal Defendant because Plaintiff has not exhausted its administrative remedies. Accordingly, the Court should grant the United States' motion, thereby dismissing this matter under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

### FACTS AND PROCEDURAL BACKGROUND

On February 20, 2024, Plaintiff Estate of Magnus Grey Flythe, by and through its co-administrators Meghan Bridgers Flythe and Russell Flythe, initiated a civil

action in the Superior Court of Halifax County, North Carolina, No. 24 CVS 129. *See* D.E. 1-1. Plaintiff named as defendants Oussama Saleh, M.D. ("Dr. Saleh"); Rural Health Group, Inc. ("Rural Health Group"); and Halifax Regional Medical Center, Inc., d/b/a ECU Health North. *See* D.E. 1-1. The gravamen of Plaintiff's civil action is that the defendants allegedly provided negligent and grossly negligent medical care to Meghan and Magnus Flythe during labor and delivery, ultimately resulting in the death of Magnus Flythe. D.E. 1-1 at ¶¶ 190-93.

The United States Attorney's Office reviewed the allegations set forth in Plaintiff's complaint and determined that Rural Health Group was an entity deemed by the Secretary of Health and Human Services ("HHS") to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g) acting within the scope of its deemed federal employment at all relevant times; and further that Dr. Saleh was an employee of Rural Health Group acting with the scope of his deemed federal employment at all relevant times. D.E. 1-5. Accordingly, this matter was removed to federal court on June 10, 2024, the United States was substituted in place of Dr. Saleh and Rural Health Group as the only proper federal defendant, and Plaintiff's lawsuit has been deemed to be an action against the United States under the FTCA. D.E. 1; D.E. 2; *see also* 28 U.S.C. §§ 1346(b)(1) and 2679(a); *see also Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252, 257 (4th Cir. 2024) (discussing the Federally Supported Health Centers Assistance Act and substitution of the United States). For the reasons set forth below, this matter is ripe for dismissal.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion challenges a court's jurisdiction over the subject of the dispute and questions the "very power" of the court to hear the case. *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007). Federal courts are courts of limited jurisdiction and are empowered to act on claims against the United States only in those specific instances in which the Constitution or a statute unequivocally waives the federal government's sovereign immunity from suit. *Lane v. Pena*, 518 U.S. 187, 192 (1996). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court "may consider evidence outside the pleadings without converting the [motion] to one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005); *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Furthermore, plaintiff bears the burden to demonstrate the existence of subject-matter jurisdiction. *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002). When, as here, a Federal Defendant has not waived its sovereign immunity, the plaintiff's claim should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1). *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

## LAW AND ARGUMENT

**I. Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) for failure to exhaust administrative remedies.**

Plaintiff has failed to exhaust its administrative remedies under the FTCA. Consequently, the Court lacks subject-matter jurisdiction. As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005); *see also Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995) ("By its express terms, the FTCA does not provide for liability of the United States for the acts or omissions of independent contractors. . . . Because the United States is not liable for the acts or omissions of independent contractors, sovereign immunity has not been waived; and the doctrine therefore operates to bar suits against the United States."). All waivers of sovereign immunity must be "strictly construed . . . in favor of the sovereign." *Lane*, 518 U.S. at 192; *Welch*, 409 F.3d at 650-51. Indeed, the "strict adherence to the procedural requirements specified by the legislature [in the FTCA] is the best guarantee of the evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff bears the burden to show an unequivocal waiver of sovereign immunity exists and none of the statute's waiver exceptions apply to their claims. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). If the plaintiff fails to meet this burden, then their claims must be dismissed. *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).

The FTCA affects a limited waiver of the United States' sovereign immunity

for "claims . . . for money damages . . . for injury or loss of property." 28 U.S.C. § 1346(b)(1). A jurisdictional exception to the waiver of sovereign immunity is failing to exhaust administrative procedures prior to filing a claim in court. *See McNeil v. United States*, 508 U.S. 106 (1993); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Furthermore, 28 U.S.C. § 2675 provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The Code of Federal Regulations explicitly describes the administrative procedure a claimant must follow to exhaust administrative remedies prior to filing an FTCA claim in federal district court. *See* 28 C.F.R. Ch. 1, Pt. 14. As part of the exhaustion process, a claim is forever barred if it is not presented to the appropriate federal agency within two years from the time the claim accrues. 28 U.S.C. § 2401(b). A claim accrues under § 2401(b) when the plaintiff knows or should have known of the injury and its cause. *Gould v. U.S. Dept. of Health & Human Services*, 905 F.2d 738, 742 (4th Cir. 1990). A claim is "presented" when the appropriate agency receives a SF-95 with an adequate description of the incident. 28 C.F.R. § 14.2(a). Once presented to the appropriate agency, the statute provides that the agency has six months within which to make a final disposition of the claim. 28 U.S.C. § 2675(a). The FTCA further provides that a tort claim against the United States "shall be forever barred" unless it is then brought to federal court "within six

months" after the agency acts on the claim. 28 U.S.C. § 2401(b).

The United States has provided the declaration of Meredith Torres ("Torres"), Senior Attorney in the General Law Division, Office of General Counsel, Department of Health and Human Services (DHHS), in support of this motion. *See* D.E. 1-4. Torres attests that she has caused a search of DHHS records for any administrative tort claim that Plaintiff may have filed. *Id.* at ¶¶ 2-4. Thus, because Plaintiff has not filed the requisite administrative tort claim to satisfy the FTCA, Plaintiff has not exhausted its administrative remedies and the Court lacks subject-matter jurisdiction over any FTCA claim asserted against the United States in this matter. *See Buck v. United States Dep't of Just.*, No. 5:19-CT-3100-FL, 2022 WL 945584, at *4 (E.D.N.C. Mar. 29, 2022) (dismissing FTCA claim for lack of subject-matter jurisdiction for failure to exhaust administrative remedies). The Court should grant the United States' Rule 12(b)(1) motion to dismiss, thereby dismissing this matter in its entirety as it pertains to the United States.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the instant motion to dismiss, thereby dismissing Plaintiff's claims against the United States for lack of subject-matter jurisdiction under Rule 12(b)(1).

[signature block on following page]

Respectfully submitted, this 10th day of June, 2024.

                                      MICHAEL F. EASLEY, JR.
                                      United States Attorney

                                      BY: <u>/s/ Katherine King</u>
                                      KATHERINE KING
                                      Assistant United States Attorney
                                      U.S. Attorney's Office, Civil Division
                                      150 Fayetteville Street,
                                      Suite 2100 Raleigh, NC 27601
                                      Telephone: (919) 856-4014
                                      E-mail: Katie.king@usdoj.gov
                                      N.C. State Bar No. 44525

CERTIFICATE OF SERVICE

I do hereby certify that I have this 10th day of June, 2024, served a copy of this document upon the below-listed party by electronically filing it with the Court using the CM/ECF system or placing a copy in the United States Mail to the following:

G. Wayne Hardee and William Reaves
Warne Hardee Law, PLLC
1609 W. Arlington Blvd., Suite 105
Greenville, NC 27834

Josh Hiller
Huff Powell Bailey
3737 Glenwood Ave, Suite 370
Raleigh, NC 27612

R. Brittain Blackerby
Harris, Creech, Ward & Blackerby, P.A.
325 Pollock Street
New Bern, NC 28563-1168

BY: /s/ Katherine King
KATHERINE KING
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street,
Suite 2100 Raleigh, NC 27601
Telephone: (919) 856-4014
E-mail: Katie.king@usdoj.gov
N.C. State Bar No. 44525